**Edward ZYBURO, on behalf of himself and all others similarly situated, Plaintiff,**

v.

**NCSPLUS, INC., Defendant.**

**No. 12–CV–6677.**

United States District Court, S.D. New York.

Signed Sept. 15, 2014.

Domenico George Minerva, Peter George Safirstein, Morgan & Morgan, P.C., New York, NY, Geoffrey Edward Parmer, Geoffrey Parmer, PA, John A.

Yanchunis, William Peerce Howard, David Patrick Mitchell, Morgan & Morgan, P.A., Tampa, FL, for Plaintiff.

Mark Krassner, Law Office of Mark Krassner, New York, NY, Nicole Marie Strickler, Messer, Stilp & Strickler, Chicago, IL, for Defendant.

## MEMORANDUM ORDER

JED S. RAKOFF, District Judge.

This is a putative class action brought under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C § 227 *et seq.*, which prohibits certain kinds of telephone solicitations without the recipient's consent. Plaintiff alleges that the defendant repeatedly called his cell phone using an automated telephone dialing system without his consent, including after plaintiff had informed the defendant that he was not the party the defendant was attempting to reach and had requested to be placed on the defendant's "do not call" list.

On August 1, 2014, plaintiff moved to certify a class consisting of all persons in the United States whose cellular telephones were called by NCSPlus Inc. using an automatic telephone dialing system with the capacity to store or produce telephone numbers, including, but not limited to, an automated dialing machine, auto-dialer or predictive dialer, and/or utilizing an artificial or prerecorded voice, without such persons' prior express consent, between August 31, 2008 and August 31, 2012 (hereinafter, "Class"), excluding the defendant, its officers, employees and assigns, and the Court and its employees. According to plaintiff's motion for class certification, discovery has revealed 146,879 unique, identifiable cellular telephone numbers that the defendant called during the class period. Plaintiff maintains that each of the defendant's violations of the TCPA entitles each injured party to statutory damages under the TCPA in the amount of $500 per violation and up to $1,500 per knowing or willful violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

Defendant disputes class certification, primarily on two grounds. First, defendant alleges that plaintiff Edward Zyburo has failed to demonstrate that he is sufficiently familiar with the facts of this case to satisfy the adequacy requirement of Rule 23(a). Second, defendant argues that because many of the proposed class members allegedly provided the defendant with prior express consent, the Rule 23(a) requirements of commonality and typicality, and the Rule 23(b) requirements of predominance and ascertainability, have not been met. Additionally, though less vociferously, defendant argues that plaintiff has not established Article III standing sufficient to sustain a class action; that plaintiff's "willfulness" claim is inappropriate for class resolution; and that the superiority requirement of Rule 23(b) is not met. After full briefing, oral argument, and an evidentiary hearing with respect to the adequacy of plaintiff Edward Zyburo, the Court rejects each of these arguments and grants plaintiff's motion to certify the class.

*First*, the adequacy of Edward Zyburo as lead plaintiff is perhaps the most challenging question in this certification. Admittedly, Zyburo displayed poor memory regarding the posture and details of this litigation at the time of his evidentiary hearing, *see, e.g.,* Transcript dated 9/9/2014 ("Tr.") at 22:24–24:11), and deposition, *see, e.g.,* Plaintiff's Ex. G (Zyburo Dep.) at 33:22–34:22, 38:14–17, 38:18–20, 38:21–23, 49:5–7, 52:1–5, 62:5–10. However, Zyburo is also a savvy businessman, who previously worked as a real estate broker and had obtained various industry licenses, Tr. at 2:15–20, has experience with negotiations,

Tr. at 9:22–10:9, and fully understands the responsibilities he has as lead plaintiff, including that he "represent[s] the class" and that his attorneys "would have to explain to [him] that [any settlement] was a fair offer and why." Tr. at 8:8–12. *See also* Tr. 9:7–13 ("I would like to negotiate, thank you.").

The Second Circuit has held that the adequacy requirement is satisfied with respect to the lead plaintiff in this kind of consumer case unless "plaintiff's interests are antagonistic to the interest of other members of the class." *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir.2009). Indeed, "to defeat a motion for certification ... the conflict must be fundamental." *Id.* (citation omitted). In contrast to class actions under the Private Securities Litigation Reform Act, here there are no heightened requirements or responsibilities for the appointed lead plaintiff. Despite Zyburo's occasional memory lapses, he has shown himself to be a fully capable lead plaintiff, and no fundamental conflicts exist between himself and the class. Like the rest of the class, Zyburo was called by NCSPlus Inc., allegedly without prior express consent, using an automatic telephone dialing system. Furthermore, Zyburo's business background gives the Court confidence that he is well-situated to provide vigorous advocacy.

▇ *Second,* defendant argues that, even though the defendant (a collection agency) was not itself provided with consent to call the cellphones of the putative class, such consent can be implied from the fact that preliminary data suggest that some members of the class gave such consent to the underlying creditor. In that regard, defendant relies on a ruling of the Federal Communications Commission that "provision of a cell phone number to a creditor, *e.g.*, as a part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt." 2008 Decl. Ruling, 23 F.C.C. Rcd. 559, 565 ¶ 10, 2008 WL 65485 (F.C.C. Jan. 4, 2008). *But see Mais v. Gulf Coast Collection Bureau, Inc.*, 944 F.Supp.2d 1226 (S.D.Fla.2013) (explicitly rejecting the 2008 FCC ruling as inconsistent with the TCPA's plain language requiring prior express consent rather than implied consent); *Thrasher–Lyon v. CCS Commercial LLC*, 2012 WL 5389722, at *3 (N.D.Ill. Nov. 2, 2012) ("Agreeing to be contacted by telephone ... is much different than expressly consenting to be robo-called about a debt").

Even on its own theory, defendant has not made a sufficient showing to defeat class certification, since, by its own admission, the defendant keeps poor or nonexistent records of which class members have given consent to the underlying creditor. Defendant is in effect asking the Court to reward its imperfect record-keeping practices by precluding class certification. Defendant has no policies or procedures for determining whether the telephone numbers it receives from its clients and autodials are cellular numbers, or for determining whether the recipients of its autodialed calls have provided prior express consent to receive such calls. Plaintiff's Exhibit ("Ex.") J at 2; Ex. A at 27:1–7, 29:20–23. Defendant also does not train its employees with respect to the TCPA, nor does it have a training manual regarding compliance with the TCPA. Plaintiff's Ex. A at 56:18–22. And even the examples defendant proffers—chiefly consisting of patients providing a medical office with a telephone number, in a context wholly divorced from debt collection—do not appear to be tantamount to even implied consent to be robo-called by a third party about one's debt.

■ Moreover, even if defendant had kept adequate records or could otherwise show that a substantial part of the putative class had given such consent to the underlying creditors, this Court agrees with the *Mais* Court that "[t]he FCC's construction is inconsistent with the statute's plain language because it impermissibly amends the TCPA to provide an exception for 'prior express *or implied* consent' " and that "Congress could have written the statute that way, but it didn't. And because it didn't, the FCC's contrary construction is not entitled to deference." *Mais*, 944 F.Supp.2d at 1238–29 (emphasis in the original).

■ *Third,* defendant's other arguments can be quickly dispensed with. Defendant's argument that plaintiff lacks standing under the TCPA because he suffered no harm and cannot establish that he was the "called party" under the TCPA is contradicted by the statute itself; for under the TCPA, the "called party" is the subscriber assigned the cell phone number at the time the allegedly improper calls are made, and the called party has standing to bring suit for a violation of the TCPA even if he has not suffered actual harm. *See, e.g., Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637, 639–40 (7th Cir.2012); *Leyse v. Bank of America, Nat. Ass'n,* 2010 WL 2382400, at *3–4 (S.D.N.Y. June 14, 2010). As for defendant's argument that plaintiff's "willfulness" claim is inappropriate for class resolution because it requires a finding of whether the defendant acted willfully with respect to each proposed class member, there is no indication that the defendant acted differently with respect to different proposed class members, and the "willfulness" claim will therefore depend on defendant's general practices and procedures, or lack thereof, which is entirely suitable for class determination. Finally, defendant's argument

that its potential liability to the class would be completely out of proportion to any harm suffered by the lead plaintiff provides is no reason to deny class certification, since it is the class, and each eligible member thereof, who will recover if defendant has in fact injured the class. Furthermore, any excessive damages award can easily be reduced after trial, and should have limited bearing on certification. *See, e.g., Murray v. GMAC Mortgage Corp.,* 434 F.3d 948, 954 (7th Cir. 2006).

The Court has considered all other elements of class certification and all defendant's arguments related thereto, and having done so, grants plaintiff's motion for class certification. The parties are therefore directed to jointly call Chambers by no later than September 19, 2014, to discuss class notice. The Clerk of the Court is ordered to close docket number 64.

SO ORDERED.